**Sung Hwan PAE, Petitioner,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

No. 04–76106.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.\*\*

Filed Oct. 22, 2007.

David N. Shomloo, Esq., Portland, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, William C. Erb, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, BEAM ***,
and RYMER, Circuit Judges.

## MEMORANDUM ****

## I.  BACKGROUND

Pae argues on appeal that the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) failed to adequately substantiate the various holdings resulting in the ultimate determination of removability.  Accordingly, Pae argues he is unable to determine the bases upon which the IJ made a determination or upon which the IJ made particular conclusions.  Pae seeks a remand for these determinations.[1]

## II.  DISCUSSION

### A.  Jurisdiction

#### 1.  Order of Removal

Under 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) [Aggravated Felony]." The BIA held that Pae was an aggravated felon.  This court has jurisdiction to determine whether it has jurisdiction. *Morales v. Gonzales,* 478 F.3d 972, 977 (9th Cir. 2007).  That requires a threshold determination regarding Pae's status.  We agree that Pae's conviction for second-degree child molestation makes Pae an "aggravated felon" as that term is contemplated by the Immigration and Nationality Act (INA).[2]

■ Although at a preliminary hearing and in his brief on appeal, Pae's counsel appears to contend otherwise, Pae himself did not consistently contest the existence of his child molestation charge.  Indeed, Pae's application for relief expressly states that he has "been convicted for child molestation."  And, on appeal, Pae does not contend that his child molestation conviction is not an "aggravated felony" for purposes of 8 U.S.C. § 1101(a)(43)(A).  Rather, he argues that the BIA and IJ failed to address whether the conviction was for an aggravated felony and that they did not adequately explain how they reached their ultimate conclusion.  This is not, however, correct, because the BIA and the IJ found Pae removable as one convicted of a crime of child abuse and as an aggravated felon. While Pae correctly points out that the BIA (and IJ) did not explain its conclusion and asks us to remand so that it can, we see no point in doing so when the issue is not contested.

#### 2.  Denial of Asylum

Even though we lack jurisdiction to review the IJ's finding that Pae was removable, we do have jurisdiction to review certain issues in the IJ's denial of Pae's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We retain juris-

---

*** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  When, as here, it is clear that the BIA gave significant weight to the IJ's findings, we look to the IJ's decision for guidance in our analy-

sis. *Zi Zhi Tang v. Gonzales,* 489 F.3d 987, 989 (9th Cir.2007).

2.  Pae's conviction for second-degree child molestation constitutes "sexual abuse of a minor," and he is thus removable as an alien who has been convicted of an aggravated felony.  8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii).

diction to review questions of law, including mixed questions of law and fact, or constitutional claims. 8 U.S.C. § 1252(a)(2)(D); *Morales,* 478 F.3d at 978.

Nothing in subparagraph (B)[, "Denials of discretionary relief,"] or (c)[, "Orders against criminal aliens"], or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). Thus, to the extent that Pae's claims raise issues preserved for our review, we will review them.

Additionally, section 1252(a)(2)(D)'s jurisdiction-preservation provision notwithstanding, the INA specifically grants appellate review of asylum claims altogether. 8 U.S.C. § 1252(a)(2)(B)(ii).

[N]o court shall have jurisdiction to review ... [a] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, *other than the granting of relief under section 1158(a) of this title.*

*Id.* (emphasis added). Section 1158(a) governs asylum applications. 8 U.S.C. § 1158(a). Thus, because decisions to grant or deny asylum are exempted from section 1252(a)(2)(B)(ii)'s jurisdiction-stripping mandate, we have jurisdiction to review the IJ's denial of Pae's asylum application.

■ At best, Pae's appeal raises legal questions regarding whether a crime is "particularly serious" or constitutes an "aggravated felony." More specifically, however, Pae argues that the BIA and IJ failed to issue a "reasoned decision" regarding Pae's removability. Given our above analysis concerning Pae's status as an aggravated felon, and the lack of any contention on Pae's part that his child molestation conviction is not an aggravated felony, we affirm the denial of asylum. An alien who has been convicted of an aggravated felony is considered to have been convicted of a particularly serious crime, which finding bars that alien from any asylum relief. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i).

### 3. Denial of Withholding of Removal and CAT Relief

■ For reasons we have explained, we lack jurisdiction to review Pae's fact-based challenges to denial of his applications for withholding of removal and CAT protection. In any event there is substantial evidence in the record to support the denial of these claims.

**AFFIRMED.**